FILED
SUPERIOR COURT
OF GUAM

2014 SEP 26 PM 1: 16

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JAMES NANGAUTA, <br><br> Plaintiff, <br><br> vs. <br><br> GOVERNMENT OF GUAM, <br><br> Defendant. | CIVIL CASE NO. CV1252-12 <br><br> **DECISION AND ORDER** <br> (Defendant's Motion for <br> Summary Judgment) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 26, 2014, on the Government of Guam's ("Defendant") Motion for Summary Judgment. Defendant was represented by Assistant Attorney General Kenneth D. Orcutt. Plaintiff James Nangauta ("Plaintiff") was represented by Attorney William L. Gavras. Following the hearing, the Court took the matter under advisement. Upon review of the written and oral arguments and legal authorities presented by both parties, the Court hereby issues this Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

Plaintiff claims he fell into a garbage receptacle at the Dededo Transfer Station, operated, controlled, maintained, and managed by Defendant. As a result, on March 8, 2011, Plaintiff attempted to exhaust administrative remedies by filing a Notice of Claim against Defendant Government of Guam. (Complaint for Damages for Premises Liability Negligence; and Demand for Jury Trial ¶ 7). On June 24, 2011, Plaintiff filed a second Notice of Claim

against Defendant Government of Guam. (Compl. ¶ 7). On August, 31, 2011, Defendant Government of Guam denied all of Plaintiff's claims in its first Notice of Claim by letter to Plaintiff's counsel. (Compl. ¶ 8). On December 5, 2011, Defendant Government of Guam denied all of Plaintiff's claims in its second Notice of Claim by letter to Plaintiff's counsel. (Compl. ¶ 8).

On November 13, 2012, Plaintiff filed a Complaint for liability negligence against Defendants Government of Guam, and Gershman, Brickner & Bratton, Inc. Defendant Government of Guam filed its Answer to Plaintiff's Complaint on May 24, 2013 refuting any liability alleged by Plaintiff. On May 28, 2013, Defendant Gershman, Brickner & Bratton filed a Motion to Dismiss and Memorandum of Points & Authorities in support of its Motion to Dismiss. On the same day, Defendant Government of Guam filed a Memorandum in Support of Defendant Government of Guam's Motion for Partial Summary Judgment Dismissing Plaintiff's Claim against Defendant Gershman, Brickner & Bratton. On June 24, 2013, Plaintiff opposed both Defendants' motions. On July 8, 2013, Defendant Gershman, Brickner & Bratton filed their Reply Memorandum in support of its Motion to Dismiss. On July 9, 2013, Defendant Government of Guam filed their Reply Memorandum in support of its partial Summary Judgment dismissing Plaintiff's claims against Defendant Gershmann, Bricker & Bratton. On October 16, 2013, this Court, granted Defendant Gershman, Brickner & Bratton's Motion to Dismiss, and Defendant Government of Guam's Partial Summary Judgment, thereby dismissing Plaintiff's claims against Defendant Gershman, Brickner & Bratton.

On May 2, 2014, Defendant Government of Guam filed a Motion for Summary Judgment. Defendant asserts that Plaintiff's complaint should be dismissed because the Government of Guam is immune from claims, and Plaintiff's injuries were not proximately caused by the negligence of Defendant. On May 30, 2014, Plaintiff filed its Opposition to Defendant's Motion for Summary Judgment. In its motion, Plaintiff argues that the Defendant waives sovereign immunity for discretionary acts and Defendant was negligent when they failed to provide a railing. On June 13, 2014, Defendant filed its Reply Memorandum in support of its

Motion for Summary Judgment. Defendant reasserts that Plaintiff has failed to present evidence that the injuries occurred were proximately caused by the negligence of Defendant.

The Court heard oral arguments on June 26, 2014 and took the matter under advisement.

**DISCUSSION**

**I. Summary Judgment Standard**

Pursuant to Rule 56(c) of the Guam Rules of Civil Procedure ("GRCP"), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). A genuine issue exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987)).

The factual dispute must concern a material fact. *Id.* "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . [d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the [pleadings], but must produce at least some significant probative evidence tending to support the [pleadings]." *Id.* ¶ 8 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505, (1986)). "In addition, the court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Financial Corp.*, 2007 Guam 27 ¶ 7. "The court's ultimate inquiry is to determine whether a 'specific fact' set forth by the nonmoving party, coupled with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8 (quoting *T.W. Elec. Serv.*, 809 F.2d at 631). "Stated simply, there is a trial issue if there is sufficient evidence for a jury to return a verdict in the non-moving party's favor." *Kim v. Hong*, 1997 Guam 11 ¶ 8

(citing *Anderson*, 477 U.S. at 250). This standard will guide the Court in its analysis as to whether Plaintiff's injuries were proximately caused by the negligence of Defendant.

## II. Negligence

In order to succeed in a negligence action the plaintiff must prove: (1) "A duty, or obligation, recognized by law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks of harm"; (2) "a breach of that duty, or failure to conform to the required standard"; (3) "Proximate cause (a close and causal connection, also known as 'legal cause')"; and (4) "Actual loss or damage resulting to the interests of another." *Merchant v. Nanyo Realty, Inc.*, 1998 Guam 26 ¶ 14 (quoting W. Page Keeton, et al., Prosser and Keeton on the Law of Torts § 30 (West 5th ed. 1984)).

Defendant argues that the mere existence of a duty and a breach of that duty does not create a cause of action unless you can prove proximate causation and actual damages. (Mot. at 5). In this present case, Defendant concedes that Plaintiff suffered actual damages. (Mot. at 3). In addition, it is well settled law that Defendant owes a duty of reasonable care. ("A property owner's duty is found under Guam law, which provides: 'Everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has willfully brought the injury upon himself.' Title 18 GCA § 90107 (2005). This court has previously recognized this as the standard of care on Guam with respect to an owner's management of its property. *See Nissan Motor Corp. v. Sea Star Group Inc.*, 2002 Guam 5 ¶ 11" *Guerrero v. McDonald's Int'l Prop. Co.*, 2006 Guam 2 ¶ 10). Defendant argues that Plaintiff cannot show that there was proximate causation regardless of whether there was a duty and a breach. (Mot. at 5-6). The crux of Defendant's motion rests on whether there was proximate causation. *Id.*

### a. Causation

The issue is whether Plaintiff's injuries were proximately caused by Defendant's negligence. The proximate cause element of a negligence action embraces a causation-in-fact test which is traditionally ascertained using the "but for" test. ("When determining cause-in-fact, many courts traditionally apply the 'but for' test, that is, 'to constitute proximate cause

there must be such a natural, direct, and continuous sequence between the negligent act [or omission] and the [plaintiff's] injury that it can reasonably be said that but for the [negligent] act [or omission] the injury would not have occurred.' *Stahl,* 438 So.2d at 17-18 (quotation omitted, emphasis original). As explained by Prosser and Keeton, the 'but for' test states that '[t]he defendant's conduct is a cause in fact of the event if the event would not have occurred but for that conduct; conversely the defendant's conduct is not a cause of the event, if the event would have occurred without it.' Keeton § 41, at 266." *Fenwick v. Watabe Guam, Inc.,* 2009 Guam 1 ¶ 13-14).

The question, then, is whether Plaintiff's injury would have been prevented but for Defendant's negligent action or inaction. In this case, the evidence shows that Plaintiff fell into an empty trash container while emptying his truck bed of trash. (Mot. at 3). The injuries Plaintiff suffered was a broken right wrist, a broken scapula, and a concussion on the right side of his head. (Nangauta Deposition at 30 & Mot. at 3-4). Plaintiff argues that his injuries would have been prevented if Defendant constructed a railing to prevent Plaintiff's fall. (Opp'n Mot. at 3). Defendant argues that Plaintiff's claims should be dismissed because there's no evidence that Plaintiff's fall was caused by the negligence of the Defendant. (Reply Mot. at 5)

The Court's determination for this motion is based on the evidence presented and not on speculation in lieu of specific facts. *See Guerrero v. McDonald's Intern. Property Co., Ltd.* 2006 Guam 2 ¶ 27. Plaintiff submitted portions of the deposition transcript referred to in Plaintiff's Opposition. (Submission of Exhibits to Opp'n Mot.). In addition, Plaintiff submitted photographic evidence attached to the Declaration of Paul J. Nanguata ("Decl. Nanguata"). Defendant stated that the dump area had a railing that would have helped prevent vehicles or individuals from reversing too far back over the bins. (Nanguata Depo. Transcript at 38-39). Defendant also stated that the railing at the curb were so corroded that parts of the railing were gone. (Nanguata Depo. Transcript at 41-42). In addition, Plaintiff submitted photographs of the bins where Plaintiff suffered his injuries. The photographs show a metal stub where a metal railing used to be. (Decl. Nanguata attached photographs). The evidence submitted by Plaintiff is not mere speculation. The photographic evidence corroborates Plaintiff's statements made

during his deposition that a railing was installed by the Defendant but later by some unknown reason was allowed to corrode and be removed.

Viewing the evidence in a light most favorable to Plaintiff, the evidence of a railing that was installed and later removed, presents a genuine issue of material fact, relative to whether a railing would have prevented Plaintiff's injuries and, therefore, the Court is precluded from granting summary judgment for Defendant on that basis.

### III. Sovereign Immunity

The doctrine of sovereign immunity operates to prevent suits against the Government of Guam. *See Wood v. Guam Power Auth.*, 2000 Guam 18 ¶ 2 (*referring to Guam Econ. Dev. Auth. & Guam Visitors Bureau v. Island Equip. Col*, 1998 Guam 7 ¶ 6). "Unless a sovereign specifically waives suit by duly enacted law, it may not be sued." *Id.* Since the Defendant is a government agency, without an explicit waiver, it is immune from suit. The Government has waived immunity under specific conditions in suits based on contract disputes as well as for tort claims grounded in negligence. 5 GCA §6105(a) and (b). However, the Government reserves its immunity in discretionary policy-making matters. 5 GCA § 6105(c).

The issue is whether the removal of the corroded railing was an exercise of discretion in policy making for which Defendant is immune. Defendant argues that the design of any public work is a discretionary function involving policy decisions. (Mot. at 7). Defendant has not submitted any evidence as to whether the removal of the corroded railing was a policy decision. Defendant has not shown that a person or body with government discretion made the policy decision to remove the railing. Therefore the Court is precluded from granting summary judgment for Defendant on this basis.

In review of the Complaint and written instruments attached therein as exhibits for purposes of a 56(c) motion for summary judgment, the Court is satisfied at this time that Defendant has failed to plead with sufficient facts. Therefore, Defendant's Motion for Summary Judgment is **DENIED**.

///

///

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion for Summary Judgment.

Further Proceedings is set for ___11/18/14___ at ___9a___.

**SO ORDERED** this __26__ day of SEPTEMBER, 2014.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
___AG, Gavras___

Date: 9/26/14  Time: 2pm

Clerk, Superior Court of Guam